CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DEREK HORTON, #270179, <br> Petitioner, | Civil Action No. 7:05-CV-00364 |
| v. | **MEMORANDUM OPINION** |
| GENE M. JOHNSON, <br> Respondent. | By: Hon. Glen E. Conrad <br> United States District Judge |

Petitioner Derek Horton, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Horton alleges that his 2004 institutional charge for sexual assault violated Horton's due process rights, the Virginia Constitution, and Department Operating Procedures (DOP). Horton seeks injunctive relief in the form of expungement of the charge and restoration of lost good time credits (GTC). This case is before the court pursuant to the court's screening function, as outlined in 28 U.S.C. § 2243 ¶1. Because it is clear from the petition that Horton has not stated a constitutional claim, the court must file and dismiss the petition.

## I. Procedural History

On February 20, 2004, Horton lost ninety (90) days of GTC and received thirty (30) days of isolation after being found guilty of sexual assault. Horton appealed this decision to the Warden and the Regional Director. After receiving no relief, Horton appealed to the Supreme Court of Virginia. The Supreme Court of Virginia denied Horton's appeal on October 5, 2004 and Horton's request for a rehearing on November 16, 2004. Horton signed the instant petition on May 23, 2005.

## II. Analysis

Horton's petition conforms to 28 U.S.C. § 2242, which outlines the requirements for a petition for a writ of habeas corpus. In addition, Horton meets the requirements of 28 U.S.C. § 2254(a) because he was in custody pursuant to a judgment of a Virginia court at the time of the petition, and remains in custody to this day. This matter is properly before this court because Horton was convicted by a state institution located in the Western District of Virginia. Horton has exhausted all of his state court remedies as required by 28 U.S.C. § 2254(b).

Inmates have limited due process rights during institutional hearings. See Wolff v. McDonnell, 418 U.S. 539 (1974). However, those rights are limited to advanced, written notice of the charges, written findings, and a limited right to call witnesses. A federal court will not upset the ruling of a disciplinary board if there is "some evidence" in the record to substantiate the Board's findings. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445 (1985).

In claim one, Horton alleges that prison officials violated the due process clause by failing to test DNA found on the victim's underpants and report the findings of those tests. In Young v. Lynch, 846 F.2d 960 (4th Cir. 1988), the Court of Appeals for the Fourth Circuit held that failure to produce real evidence states a claim if the real evidence is dispositive of proof, is critical to the inmate's defense, is in the custody of prison officials, and could be produced without impairing institutional concerns.

In the case at bar, the alleged semen in the victim's underpants is not dispositive evidence. While a DNA match with Horton would strongly implicate Horton (who claims he had neither consensual nor forced sex with the victim), any other result would not necessarily influence the outcome. As stated in the incident report, Horton raped the victim 10 days prior to the crime being

reported and the victim was raped by at least one other inmate in the intervening period.

In addition, the victim stated that he had been called to Horton's cell and that Horton had closed the cell door and made sexual advances toward the victim. The victim stated that he had told Horton to stop and unsuccessfully attempted to resist Horton's advances. The victim stated that Horton had sodomized the victim. In addition, an anonymous informant had originally written a note stating that a white man housed in the victim's cell, who was later identified as the victim, had been raped by two black men, one of whom was housed in Horton's cell, who was later identified as Horton. The testimony of the victim and the anonymous informant, regardless of any physical evidence, provided "some evidence" to support the Board's conclusions.

In claims two and three, Horton alleges that his hearing violated the Virginia Constitution and DOPs respectively. It is well settled that violations of state law do not provide the basis for a due process claim. See Clark v. Link, 855 F.2d 156, 163 (4th Cir. 1988) (rejecting argument that "violation of state law will constitute a violation of substantive federal due process"). Moreover, failure of a state to meet the requirements of a state-created procedural rule does not rise to the level of a violation of the due process clause. See Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that "[i]f state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue").

### III. Conclusion

Horton has not alleged facts suggesting that his disciplinary hearing violated the due process clause. The real evidence Horton seeks was not dispositive of his guilt or innocence. Violation of a state law does not rise to the level of a violation of the due process clause. Therefore, this court

3

must dismiss Horton's petition. An appropriate order will be entered this day.

ENTER: This 13th day of June, 2005.

*/s/ Glen E. Conrad*
UNITED STATES DISTRICT JUDGE

4